# In the United States Court of Federal Claims

Nos. 24-723C, 24-721C

(Filed: July 31, 2024)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **GAYNIELLE HOUSEY-NEVILLE,** | ) ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) |

*Gaynielle Housey-Neville*, Slidell, LA, *pro se*.

*Evan Wisser*, United States Department of Justice, for Defendant.

## OPINION AND ORDER

**SOLOMSON, Judge**.

On May 7, 2024, *pro se* Plaintiff, Gaynielle Housey-Neville, a resident of Slidell, Louisiana, filed two complaints against Defendant, the United States, in this Court. ECF No. 1 ("Compl."); 24-721, ECF No. 1 ("Second Compl."). That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. Because the two complaints shared nearly identical questions of law and material fact, the cases were consolidated on July 9, 2024. ECF No. 9. On May 29, 2024, the Court granted Plaintiff's IFP motion and stayed the case while it reviewed both complaints together for probable lack of jurisdiction. ECF No. 6. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").[1]

In her first complaint, Ms. Housey-Neville's allegations derive from what she calls the "unlawful" closure of a "Living Estate Trust Account" with the Department of the Treasury, the government's retention of the account's funds, and the negligent infliction

---

[1] This may be done "at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). A court "may and should raise the question of its jurisdiction *sua sponte*" where jurisdiction is in doubt. *Miller v. United States*, 67 Fed. Cl. 195, 198 (2005).

of emotional distress on Plaintiff as a result of the government's actions. *See* Compl. at 1. Specifically, she alleges that JP Morgan Chase sent her "Negotiable Instruments along with [her] Birth Certificate to the United States Treasury," which told Plaintiff that her "account was funded and then said that [her] Living Estate Trust has been permanently closed . . . and said that any funds in there I cannot recover." *Id.* at 2. In Plaintiff's second complaint, she adds an additional allegation of the government's unauthorized trading of her "bonds and stocks on the [market]…." Second Compl. at 1.

Plaintiff seeks: (1) an explanation from the government for the closure of her account; (2) "justice and restitution"; and (3) a forensic audit of the Treasury Department for "[s]ecurities [f]raud," Compl. at 3, and to "retrieve my account from the United States Treasury and demand that they give me my funds out of that account." Second Compl. at 3.

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleading to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216.

With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, and foremost, the complaint is frivolous. This Court is "required to dismiss a frivolous complaint from a litigant who is proceeding *in forma pauperis*." *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014) (citing 28 U.S.C. § 1915(e)(2)(B)). While the Court may not dismiss an IFP complaint simply because the claims alleged are "unlikely," "this court *must* dismiss a claim as frivolous if the alleged facts present 'fantastic' or 'delusional' scenarios. *Perry v. United States*, 149 Fed. Cl. 1, 36 (2020), *aff'd* 2021 U.S. App. LEXIS 20626 (Fed. Cir. July 13, 2021) (quoting *Taylor*, 568 F. App'x at 891); *see Denton*, 504 U.S. at 33 (emphasizing that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). A complaint "may be deemed frivolous where 'the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity.'" *Perry,* 149 Fed. Cl. 1, 36 (quoting *Taylor*, 568 Fed. Appx. at 891).

Plaintiff's allegations are fantastical. Ms. Housey-Neville's complaint implies a kind of conspiracy between a non-government entity and the Treasury Department to deprive Ms. Housey-Neville of certain financial instruments, culminating with the government's closing an unidentified account without explanation and denying its owner its contents. Particularly in the absence of any specifics, however, this claim is not plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Indeed, "the factual allegations asserted are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." *Taylor*, 568 F. App'x at 891. Even ignoring the alleged facts that make this case frivolous, there are a notable dearth of facts that might state a claim withing our jurisdiction. For example, there are no allegations in either complaint that the government has confiscated Plaintiff's property (or bank account) or that the government is somehow responsible for any third-party financial institution's independent conduct. In short, Ms. Housey-Neville does not make non-

3

conclusory factual allegations, which, when accepted as true, plausibly demonstrate either a compensable takings claim or an illegal exaction claim.

To the extent Ms. Housey-Neville claims that the government failed to give her an explanation for its alleged actions, Compl. at 3, this Court lacks jurisdiction to decide such claims, whether pursuant to the due process clause of the Constitution or the Administrative Procedure Act, neither of which is even mentioned in the complaint. *See Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) ("[T]he trial court does not have jurisdiction over . . . claims under the due process, equal protection or supremacy clauses of the United States Constitution. These claims do not fall within the court's jurisdiction as defined by the Tucker Act because none of those statutes or constitutional provisions mandate the payment of money."); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (finding that the Court of Federal Claims has no jurisdiction to hear due process claims pursuant to the Fifth Amendment or standalone Administrative Procedure Act claims).

At best, Ms. Housey-Neville's complaint sounds in tort insofar as it seeks damages for "duress and . . . stress." Compl. at 1. While this Court can award damages for negligent infliction of emotional distress under certain circumstances, *see Bohac v. Dep't of Agric.*, 239 F.3d 1334, 1340 (Fed. Cir. 2001), this Court generally does not have jurisdiction to award damages "grounded in tort rather than contract." *Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352, 363 (2010) (quoting *Pratt v. United States*, 50 Fed. Cl. 469, 482 (2001)); *see also* 28 U.S.C. § 1491(a); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059, 228 Ct. Cl. 146 (Ct. Cl. 1981) ("Tort claims, of course, are expressly beyond our Tucker Act jurisdiction."). Plaintiff's request for relief due to "duress" or "stress" sounds in tort, particularly where, as here, there is no other claim within our Tucker Act jurisdiction. *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993) ("It is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims.").

Accordingly, the Court finds that the claims in Ms. Housey-Neville's complaints are either frivolous within the meaning of 28 U.S.C. § 1915(e)(2) or are otherwise outside this Court's jurisdiction. Either way, this case is **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk of the Court is directed to enter **JUDGMENT** for the government, dismissing this case.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge